UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

APRIL D. HAMPTON

VERSUS

FIRST GUARANTY MORTGAGE CORP., ET AL.

CIVIL ACTION

NO. 16-632-JJB-RLB

## RULING

This matter is before the Court on An Application for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Doc. 2), filed by the *pro se* Plaintiff, April D. Hampton. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

For the reasons stated herein, the Plaintiff's Application for a Temporary Restraining Order is **DENIED**. The Court **DEFERS** ruling on the preliminary injunction request until Defendants have an opportunity to respond to Plaintiff's Motion.

### I.   BACKGROUND[1]

This dispute is about the ownership of property in East Baton Rouge Parish and whether certain mortgage lenders and their assignees own, or have the right to sell, Plaintiff's property. The Plaintiff filed a Complaint (Doc. 1) asserting nine causes of action against various named Defendants and other unnamed Defendants ("Does 1-100") whose identities have not yet been determined.

On the same day that she filed the Complaint, Plaintiff also filed an An Application for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief ("the Application").

---

[1] The Court is having difficulty understanding what exactly occurred here as the Complaint and Application appear to be copied from a sample template created for use in New York State Courts. Plaintiff has not alleged the date of the purported foreclosure sale nor has she provided the Court with any other facts regarding the pending foreclosure sale. She has merely stated, in her TRO Application, that "[a] temporary restraining order is appropriate to maintain the status quo. Plaintiff's home will be sold within the next week and Plaintiff [is] subject to eviction actions, without immediate intervention of this Court." Application 1, Doc. 2.

Like the Complaint, the Application appears to be copied from a template meant for use in New York State Courts. Additionally, it contains nothing more than conclusory statements that Plaintiff will succeed on the merits and that the Plaintiff is subject to an eviction action.

## II. TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure Rule 65 provides: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[2] First, while the Court is aware that the Plaintiff is proceeding *pro se*, she has failed to certify in writing any efforts made to give notice to the Defendants, nor has she stated the reasons why notice should not be required. Second, even if she had given notice, the Plaintiff has not clearly pled specific facts that show irreparable injury will result before the Defendants can be heard in opposition. In fact, the Plaintiff has not provided any details about a pending foreclosure sale. The only fact the Court knows is that "Plaintiff's home will be sold within the next week and Plaintiff [is] subject to eviction actions, without immediate intervention of this Court."[3]

## III. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary and drastic remedy; it should never be awarded as of right."[4] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the trial court.[5] A preliminary injunction may be granted only if

---

[2] Fed. R. Civ. P. 65 (b).
[3] Application 1, Doc. 2.
[4] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted).
[5] *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

the moving party establishes each of the following four factors: (1) a substantial likelihood of success on the merits; (a) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.[6] Due to the fact that an injunction is such an extraordinary remedy, it should only be granted if the movant has clearly carried the burden of persuasion on all four factors.[7]

As a threshold matter, a preliminary injunction cannot be granted unless notice of the motion has been provided to the opposing party.[8] As of the date of this Ruling, there is no evidence in the record to indicate that Defendants have been served with the Application.[9] On that basis, this Court will defer ruling on the request for preliminary injunction until Defendants receive notice of the Application and have an opportunity to respond.

**IV.    CONCLUSION**

The Plaintiff's Application for a Temporary Restraining Order (Doc. 2) is **DENIED**. The Court **DEFERS** ruling on the preliminary injunction request until Defendants have an opportunity to respond to Plaintiff's Application.

Signed in Baton Rouge, Louisiana, on September 30, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] *Id.*
[7] *Id.*
[8] Fed. R. Civ. P. 65(a)(1); *see also Watts v. Federal Home Loan Mortgage Corp.*, 2012 WL 1901304, at *3 (D. Minn. May 25, 2012).
[9] In fact, there is no evidence that Defendants have even been served with the Summons and Complaint.